[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16521
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 18, 2011
JOHN LEY
CLERK

D. C. Docket No. 09-00405-CV-HL-5

ELBERT S. WALKER, JR.,

Plaintiff-Appellant,

versus

GRABLE, Correctional
Officer, First Shift,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 18, 2011)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Elbert S. Walker appeals the district court's *sua sponte* dismissal of his 42

U.S.C. § 1983 claim. A civil complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity is reviewed under § 1915A, and may be dismissed if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). The district court dismissed Walker's claim as frivolous under 28 U.S.C. § 1915A. On appeal, Walker argues that he had a right to enjoy the privileges due to the general prison population, and that he had a right to not be placed on administrative segregation without reason. Walker alleges that the defendant, Correctional Officer Grable, failed to provide him with a disciplinary report and violated Walker's rights by placing him on administrative segregation without cause.

A district court's *sua sponte* dismissal based on frivolity under 28 U.S.C. § 1915A is reviewed for an abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A claim is frivolous if and only if it "lacks an arguable basis either in law or in fact." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1831–32, 104 L. Ed. 2d 338 (1989)). To survive a motion to dismiss a complaint must contain "enough to facts state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In reviewing such a complaint, we accept the

2

allegations of the complaint as true and construe the *pro se* complaint liberally.

*Miller*, 541 F.3d at 1100.

States may create liberty interests by conferring benefits to prisoners such that the deprivation of those benefits imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). Courts compare the conditions of prisoners inside and outside of segregated confinement to determine if that confinement presented the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. *See id.* at 2301 (prisoner had no liberty interest because the conditions in disciplinary confinement mirrored conditions in non-disciplinary confinement); *Magluta v. Samples*, 375 F.3d 1269, 1276 (11th Cir. 2004) (prisoner's liberty interest was violated when the prisoner was in solitary administrative confinement, under conditions unlike other pretrial detainees or even convicted prisoners, locked in an extremely small space, and with minimal contact with other human beings for over 500 days).

The discipline Walker alleged–eleven days of administrative segregation–does not involve a loss of a due process liberty interest. *See Sandin*, 515 U.S. at 486, 115 S. Ct. at 2301 (holding that prisoner's thirty-day disciplinary

3

segregation "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."). Thus, even construing the complaint liberally, Walker does not state a plausible claim for relief.

Walker's complaint, construed liberally, stated allegations that were sufficient such that it was not frivolous under 28 U.S.C. § 1915A(a). However, Walker failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915A(b)(1). Because the district court did not abuse its discretion in dismissing Walker's claim, we affirm.

**AFFIRMED.**